Theodore L. Hecht (TH-5497)
Schnader Harrison Segal & Lewis LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Phone No.: (212) 973-8000
Fax No.:    (212) 972-8798
E-mail:  thecht@schnader.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
MALIK M. HASAN and SEEME G. HASAN,                        :
                                                          :        ECF CASE
                        Plaintiffs,                       :
                                                          :        08-CV-03189 (GBD)
        - against -                                       :
                                                          :
AMERICAN ARBITRATION ASSOCIATION,                         :
INC.,                                                     :
                                                          :
                        Defendant.                        :
------------------------------------------------------------------X


**MEMORANDUM OF LAW OF DEFENDANT
AMERICAN ARBITRATION ASSOCIATION
IN SUPPORT OF IT'S MOTION TO DISMISS COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii-iv

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

    A.      BACKGROUND .........................................................................................2

    B.      THE COMPLAINT...................................................................................4

ARGUMENT

    THE COMPLAINT SHOULD BE DISMISSED
    ON THE GROUND THAT AAA IS NOT
    A PROPER PARTY AND IS IMMUNE FROM SUIT ......................................................6

    A.      Introduction...............................................................................................6

    B.      AAA is Not a Proper or Necessary Party.................................................7

    C.      The Action is Barred by the Doctrine of Arbitral Immunity ..................10

CONCLUSION...........................................................................................................................15

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

Aberle Hosiery Co. v. American Arbitration Association,
337 F. Supp. 90 (E.D. Pa. 1972), app. dismissed, 461 F.2d 1005
(3d Cir. 1972)...........................................................................................................7, 9

Austern v. Chicago Board of Options Exch., Inc.,
898 F.2d 882 (2d Cir. 1990), cert denied, 498 U.S. 850, 141 S.Ct. 882 (1990)..........11

Corey v. New York Stock Exch.,
691 F.2d 1205 (6th Cir. 1982) .............................................................................8, 11

Cort v. American Arbitration Association,
795 F.Supp. 970 (N.D. Cal. 1992) .............................................................................13

Hawkins v. National Ass'n of Sec. Dealers Inc.,
149 F.3d 330 (5th Cir.1998) .....................................................................................10

Honn v. National Ass'n of Sec. Dealers, Inc.,
182 F.3d 1014 (8th Cir. 1999) ..................................................................................10

In re Livent, Inc. Noteholders Security Litigation,
151 F.Supp.2d 371 (S.D.N.Y. 2001).............................................................................3

International Med. Group, Inc. v. American Arbitration Association,
312 F.3d 833 (7th Cir. 2002), cert denied, 540 U.S. 822,
124 S.Ct. 150 (2003).........................................................................................7, 9, 11

Jason v. American Arbitration Ass'n,
2002 WL 1059005 (E.D. La.), aff'd 62 Fed. Appx. 557,
2003 WL 1202934 (5th Cir. 2003) .............................................................................13

Krecun v. Bakery, Cracker, Pie, Yeast Drivers and Miscellaneous Workers
Union,
586 F. Supp 545 (N.D. Ill. 1984) ...............................................................................13

MJR International, Inc. v. American Arbitration Association,
No. 2:06-CV-09237, 2007 WL 2781669 (S.D. Ohio September 24, 2007) .............7, 9

New England Cleaning Services, Inc, v. American Arbitration Association,
199 F.3d 542 (1st Cir. 1999).............................................................................10, 14

# TABLE OF AUTHORITIES (cont'd)

**Page**

Olson v. National Ass'n of Sec. Dealers,
  85 F.3d 381 (8th Cir. 1996) ..................................................................11

Shrader v. National Ass'n of Sec. Dealers,
  855 F. Supp. 122 (E.D.N.C. 1994)..........................................................13

System Federation, No. 30 v. Braidwood,
  284 F.Supp. 607 (N.D. Ill. 1968) ............................................................9

Tamari v. Conrad,
  552 F.2d 778 (7th Cir. 1977) .............................................................7, 12

## STATE CASES

Boraks v. American Arbitration Association,
  205 Mich. App. 149, 517 N.W.2d 771 (Mich. Ct. App. 1994)....................13

Candor Central School District v. American Arbitration Association,
  97 Misc.2d at 267, 411 N.Y.S.2d at 162 (Sup. Ct., Tioga Co. 1978) .................7, 8, 14

Hospitality Ventures of Coral Springs, L.C. v. American Arbitration Ass'n,
  755 So.2d 159 (Fla. Dist. Ct. App. 2000) ..................................................8

John Street Leasehold, LLC. v. Brunjes,
  234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996)....................................13

McKown v. American Arbitration Association,
  213 Ga. App. 197, 444 S.E.2d 114 (Ga. Ct. App. 1994), cert. den.
  (September 9, 1994)................................................................................8

Peters Sportswear Co. v. American Arbitration Association,
  427 Pa. 152, 233 A.D.2d 558 (1967) ......................................................10

Rubenstein v. Otterbourg,
  78 Misc.2d 376, 357 N.Y.S.2d 62 (Civ. Ct., NY Co. 1973).......................13

Seligman v. Allstate Ins. Co,
  195 Misc. 2d 553, 756 N.Y.S.2d 403 (Sup. Ct., Nassau Co. 2003)............12

Southwire Co., NSA, Ltd. v. American Arbitration Association,
  248 Ga.App. 226, 545 S.E.2d 681 (Ga. Ct. App. 2001) ..........................8, 12

## TABLE OF AUTHORITIES (cont'd)

**Page**

Thiele v. RHL Realty Partners,
    14 Cal. App.4th 1526, 18 Cal. Rptr. 2d 416 (Cal. Ct. App. 2d Dist. 1993).................13

Wally v. Gen. Arbitration Council of the Textile & Apparel Indus.,
    165 Misc. 2d 896, 630 N.Y.S.2d 627 (Sup. Ct., N.Y. Co. 1995) ...............................13

### UNREPORTED CITATIONS

Everlast World's Boxing Headquarters Corp. v. Joan Hansen & Co. and American
    Arbitration Association,
    Index No. 103796/03 filed June 24, 2003 (Sup. Ct., N.Y. Co.)...................................12

Hasan, et al. v. Goldman Sachs 1998 Exchange Place Fund, L.P., et al.,
    AAA Case No. 13 168 01990 04 (the "Arbitration")......................................................2

### FEDERAL STATUTES

Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq* ......................................................................2

Federal Rules of Civil Procedure, Rule 12(b)6 ...................................................................1

### OTHER AUTHORITIES

American Arbitration Association Commercial Rules, R-1 ...........................................3, 6

American Arbitration Association Commercial Rules, R-16(a)........................................4

American Arbitration Association Commercial Rules, R-16(b)........................................4

American Arbitration Association Commercial Rules, R-17(b)........................................4

American Arbitration Association Commercial Rules, R-48(b)....................................3, 6

American Arbitration Association Commercial Rules, R-48(d)...............................3, 6, 14

## PRELIMINARY STATEMENT

Defendant American Arbitration Association ("AAA") respectfully submits this memorandum of law in support of its motion, pursuant to Rule12(b)(6), Fed. R. Civ. P., to dismiss the Complaint.   AAA, as acknowledged in the Complaint, is a well established, nationally recognized forum for the administration of arbitrations.  As such, AAA is protected from lawsuits against it arising from the arbitral process by the uniformly applied doctrine of arbitral immunity.

Plaintiffs Malik M. Hasan, M.D. and Seeme G. Hasan (the "Hasans") allege in the Complaint grievances concerning AAA's designation of arbitrators in a pending arbitration proceeding between the Hassans and non-parties Goldman Sachs 1998 Exchange Place Fund, L.P., and other Goldman Sachs entities ("Goldman Sachs").  AAA has no legal interest in, and is neutral and impartial to, the merits of the underlying claims.  As discussed below, any judicial proceeding in connection with the arbitration must be between the Hasans and Goldman Sachs who are the real adverse parties in interest.  Indeed, the Hasans by agreeing to arbitrate pursuant to AAA Rules have expressly covenanted that they would not join AAA as a party to any judicial proceeding concerning the arbitration.

Moreover, the law confers upon AAA immunity from suit precisely because AAA, a neutral quasi-judicial organization, should not be appearing in a judicial caption opposite a party whose claim AAA is administrating.  Just as it is not proper for a lower court to file a brief when a litigant seeks appellate review, it is not proper for AAA to take any position in this Court concerning its arbitral determinations, including those related to arbitrator appointment.

AAA moves to dismiss the Complaint – not as a party adverse to the Hasans – but on the grounds that (i) AAA is not a necessary and proper party and any judicial proceeding in

connection with the arbitration must be between the Hasans and Goldman Sachs who are the real adverse parties in interest; and (ii) the action against AAA is barred by the doctrine of arbitral immunity.

## STATEMENT OF FACTS

**A.    Background**

The Hasans are citizens of the State of Nevada. (Complaint ¶¶ 1-2.)  AAA is a not-for-profit corporation organized under New York law and having its principal place of business in New York. (Complaint ¶ 3.)  As alleged in the Complaint, AAA's mission is to provide a neutral forum for dispute resolution as an alternative to the court system.  (Complaint ¶¶ 3, 13-19.)

The Hasans assert claims against Goldman Sachs concerning their investment in Goldman Sachs Funds. (Complaint ¶ 8.)  Earlier litigation between the Hasans and Goldman Sachs in the United States District Courts for the Districts of Colorado and the Southern District of New York culminated in an Order entered on May 3, 2006 (Hon. Naomi Reice Buchwald) finding that the parties had agreed that any dispute be resolved by arbitration and compelling the Hasans to arbitrate their claims with Goldman Sachs under AAA Rules.  (Complaint ¶ 10-11.)

Pursuant to the judicial determination, the parties have submitted their claims to AAA for administration. (Complaint ¶ 5.)  The arbitration is styled *Hasan, et al. v. Goldman Sachs 1998 Exchange Place Fund, L.P., et al.*, AAA Case No. 13 168 01990 04 (the "Arbitration"). (Complaint ¶ 11.)  The Arbitration is subject to the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. (See Complaint ¶ 9.)  AAA is administering the Arbitration pursuant to

AAA's Commercial Arbitration Rules. ("AAA Rules") (See Complaint ¶ 36.)[1]. The Arbitration

proceeding remains open with an evidentiary hearing not yet scheduled. (Complaint ¶ 37.)

AAA's Rules provide that "[t]he parties shall be deemed to have made these rules a part

of their arbitration agreement whenever they have provided for arbitration by the American

Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for

arbitration by the AAA of a domestic commercial dispute without specifying particular rules."

(AAA Rules at R-1 ("Agreement of Parties").)

AAA Rules, in the section entitled "Applications to Court and Exclusion of Liability,"

further provide that "[n]either the AAA nor any arbitrator in a proceeding under these rules is a

necessary or proper party in judicial proceedings relating to the arbitration . . . Parties to an

arbitration under these rules shall be deemed to have consented that neither the AAA nor any

arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or

omission in connection with any arbitration under these rules.") (AAA Rules at R-48(b) and

(d).) Thus, the Hasans and Goldman Sachs agreed that neither would name AAA as a party in

any court proceeding arising out of their Arbitration.

---

[1] This Statement of Facts is based on the factual allegations of the Complaint which must be assumed as true for purposes of this motion to dismiss. (See In re Livent, Inc. Noteholders Security Litigation, 151 F.Supp.2d 371, 405 (S.D.N.Y. 2001) (on a motion to dismiss, factual allegations must be deemed as true, but legal conclusions need not be.) Since the Complaint makes specific reference to AAA's Rules applicable to the Arbitration, but does not recite their full content, the Court is requested to take judicial notice of the AAA Rules. The Hasans' Arbitration Claim pre-dates the most recent amendment of the AAA Rules (September 1, 2007). Therefore, the claim is arbitrated under the AAA Rules, as amended through September 15, 2005. (The Complaint is attached as Exhibit A and the AAA Rules are attached as Exhibit B to the Declaration of Theodore L. Hecht dated April 30, 2008 submitted herewith.)

The Hasans and Goldman Sachs requested that AAA appoint neutral arbitrators to hear their claims.  (See Complaint ¶ 20.)  With respect to such appointment, AAA Rules R-16(a) and (b) ("Disclosure") provide:

> "[A]ny person appointed as a neutral arbitrator shall disclose to the AAA any circumstance likely to affect impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past present relationship with the parties or their representatives.  Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrators and others. . .

AAA Rules, R-17(b) ("Disqualification of Arbitrator") provides "Upon objection of a party to the continued service of a neutral arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive."

Pursuant to R-16 and R-17, during the course of the proceedings, AAA notified the parties of the appointment of arbitrator candidates, communicated disclosures and requested objections to the appointment.  (See Complaint ¶¶ 20-20(c).)  During this period, the Hasans requested additional disclosures from arbitrator candidates, both prior to and after appointment, asserted objections and requested AAA to disqualify certain candidates which had been appointed. (See Complaint ¶¶ 20(A), 26-28, 32, 35.)   In response to the Hasans' objections and requests, after hearing from all parties, AAA directed arbitrator candidates to make further disclosures, declined to direct other disclosures, disqualified an appointed arbitrator and declined to disqualify two other appointed arbitrators. (See Complaint ¶¶ 20(A), 28, 33, 36.)

**B.**     <u>The Complaint</u>

The Hasans filed a Complaint against AAA in this action dated March 31, 2008.  The Complaint's allegations concern the Arbitration between the Hasans and Goldman Sachs.  AAA is the only defendant and Goldman Sachs is not joined in the lawsuit.

The Complaint alleges that AAA should have disqualified two appointed arbitrators based on (i) their disclosures, (ii) the alleged limits of their disclosures, and (iii) their contact with an arbitrator who had previously been on the Arbitration panel, but was subsequently disqualified by AAA upon the request of the Hasans.  (<u>See</u> Complaint ¶¶ 43(A)-(C), 52-54.)

The Complaint alleges two claims:  the First Claim is for "[s]pecific enforcement (by declaratory, injunctive, and other relief sought herein) of the representations, assurances, and promises and commitments" made by AAA (<u>see</u> Complaint ¶¶ 41-46), including AAA's commitment to "insuring the fairness, transparency and integrity of arbitration proceedings." (Complaint ¶ 39.)

The Second Claim ((Complaint ¶¶ 50-55) alleges that two appointed arbitrators should be disqualified and seeks a "Temporary Restraining Order, preliminary injunction, and permanent injunction against AAA" to "remove" the arbitrators.  (See Complaint at "Prayer for Relief" ¶ C (page 21).)

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED
### ON THE GROUND THAT AAA IS NOT
### A PROPER PARTY AND IS IMMUNE FROM SUIT

**A.**    **Introduction**

By agreeing that their dispute be resolved by Arbitration under AAA Rules, the Hasans and Goldman Sachs contractually agreed with each other that they will not join AAA in any lawsuit relating to the conduct of the Arbitration.  Their agreement not to sue is memorialized in AAA Rules.  AAA Rules, R-1 (entitled "Agreement of Parties"), provides that "[t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules . . . ."  R-48 (entitled "Applications to Court and Exclusion of Liability") provides, in its part (b), that "neither the AAA nor any arbitrator under these rules is a necessary or proper party in judicial proceedings relating to the arbitration."  R-48(d) provides: "Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration conducted under these rules."

As discussed below, additional to the parties' agreement, the law is well-settled that AAA is not a necessary or proper party to any lawsuit concerning the conduct of the Arbitration and the Complaint against AAA is barred by the doctrine of arbitral immunity.  Thus, both the AAA Rules, as agreed to by the Hasans, and fundamental controlling legal principles, preclude the maintenance of this lawsuit.

## B.    AAA is Not a Proper or Necessary Party

Federal and State courts [2], by way of enforcement of AAA's Rules, and independent of

the rules, but ratifying their rationale, have repeatedly held that AAA and arbitrators, who have

no interest in the outcome of an arbitration, are not proper parties to any dispute involving the

arbitration, including actions for injunctions concerning the arbitration.  See International Med.

Group, Inc. v. American Arbitration Association, 312 F.3d 833, 843-44 (7th Cir. 2002), cert

denied, 540 U.S. 822, 124 S.Ct. 150 (2003) ("arbitrators have no interest in the outcome of the

matter, and thus should not be compelled to become parties to the dispute . . . The AAA should

not be party to [the] action and should be spared the burden of litigating the appropriateness of

its exercise of jurisdiction[]"); Tamari v. Conrad, 552 F.2d 778, 780 (7th Cir. 1977) ("Defendants

[including the arbitral forum] have no interest in the outcome of the dispute between [the parties]

and they should not be compelled to become parties to that dispute"); MJR International, Inc. v.

American Arbitration Association, No. 2:06-CV-09237, 2007 WL 2781669 (S.D. Ohio

September 24, 2007) (an injunction against AAA denied because "the AAA has no real stake in

the outcome of the case"); Aberle Hosiery Co. v. American Arbitration Association, 337 F.

Supp. 90, 92  (E.D. Pa. 1972), app. dismissed, 461 F.2d 1005 (3d Cir. 1972) ("[t]he American

Arbitration Association is [] an unnecessary party.  Clearly it has no interest in the subject matter

of this action []); Candor Central School District v. American Arbitration Association, 97

Misc.2d 267, 269, 411 N.Y.S.2d 162, 164 (Sup. Ct. Tioga Co. 1978) (upon consideration of  a

---

[2]  Although the Hasans allege that the underlying arbitration claim concern transactions
subject to federal and state laws, a choice of law analysis is unnecessary here since, as discussed
herein, common law in a variety of jurisdictions, as articulated by both federal and state courts,
are uniform with respect to the legal underpinnings of AAA's motion to dismiss.

AAA Labor Arbitration Rule, that is substantively identical to AAA Rule 48, the court,

dismissed an action against AAA, holding: "AAA [rules provide that AAA] is not a necessary

party in related judicial proceedings [citation omitted] and it is apparent that its objectivity is best

preserved if it is not a party"); Hospitality Ventures of Coral Springs, L.C. v. American

Arbitration Ass'n, 755 So.2d 159, 160 (Fla. Dist. Ct. App. 2000) ("The only proper parties to a

lawsuit . . . to determine the propriety of arbitration are the parties to the arbitration

agreement . . ."); Southwire Co., NSA, Ltd. v. American Arbitration Association, 248 Ga.App.

226, 229, 545 S.E.2d 681, 684 (Ga. Ct. App. 2001) (in an action to vacate an award and

disqualify arbitrators, court found AAA's default in responding to complaint bore no

significance because AAA was not a proper or necessary party); McKown v. American

Arbitration Association, 213 Ga. App. 197, 198, 444 S.E.2d 114, 115 (Ga. Ct. App. 1994), cert.

den. (September 9, 1994)  (court, relying on Candor, *supra*, held that AAA was not a necessary

or proper party and further found that "the courts of other jurisdictions appear to have rejected

any argument that [AAA] has an interest in the subject matter of the controversies submitted to it

for arbitration and have held [AAA] is an unnecessary party in judicial proceedings seeking to

enjoin arbitrations").

AAA is plainly not a necessary or proper party here.  The Complaint's allegations

purporting to show that AAA's appointment of arbitrators is inconsistent with AAA policies, and

its request for mandatory and prohibitory injunctive relief against AAA, do not alter this

conclusion.  Courts have repeatedly held that that any judicial proceeding relating to the conduct

of the arbitration should be between the actual parties to the arbitration and not the arbitral forum

administrator.  See e.g., Corey v. New York Stock Exch., 691 F.2d 1205, 1211 (6th Cir. 1982)

("[a]n aggrieved party alleging a due process violation in the conduct of the proceedings, fraud,

misconduct, a violation of public policy, lack of jurisdiction, etc., should pursue the 'real' adversary through the appeal process.  To allow a collateral attack against arbitrators and their judgments would also emasculate the appeal provisions of the federal Arbitration Act []'").

Moreover, just as a trial court and jurors do not submit briefs to an appellate court in support of their judgment and verdict, AAA should not be required to participate in the litigation of the issues raised by the Complaint which concern AAA's determination of issues related to arbitrator selection.  Indeed, such participation would be utterly improper.  See International Med. Group, 312 F.3d at 833 (court "found that suing an arbitrator is comparable to suing a juror when a litigant is dissatisfied with the outcome of a lawsuit.  Such a suit would discourage others from jury service []"); System Federation, No. 30 v. Braidwood, 284 F.Supp. 607, 610 (N.D. Ill. 1968) ("[w]e believe the parties in court should be the same as those before the [arbitration] agency. The analogy is to appellate review of trial court judgments, where the appellant names his opponent below as appellee rather than the trial judge []").

Indeed, Hasan can obtain the full scope of any relief for which it is entitled without AAA being a party.  See International Med. Group, 312 F.3d at 833 (joining the arbitration and sponsoring organization "not necessary for a litigant [to an arbitration] to obtain relief" concerning the arbitration); Aberle Hosiery Co., 337 F. Supp. at 92 ("the relief [plaintiff] seeks can be granted without joinder of the [American Arbitration] Association as a defendant.  If [the other party to the arbitration] is enjoined from proceeding with the arbitration, then obviously the matter will not be arbitrated []"); MJR International, 2007 WL 2781669 at * 2 (court held that an injunction directed to the parties to the arbitration, and not AAA, will provide full relief).

Finally, since the Hasans agreed with Goldman Sachs that AAA is not a necessary party, the Hasans also agreed not to bring an action where AAA is a defendant, let alone the sole

9

defendant.  As the Pennsylvania Supreme Court held in <u>Peters Sportswear Co. v. American</u>

<u>Arbitration Association</u>, 427 Pa. 152, 155-56, 233 A.D.2d 558, 560 (1967):

> [O]ur case law indicates the desirability of restraining a potential litigant from
> proceeding upon a cause of action rather than restraining the tribunal from hearing
> the matter.  Moreover, the parties agreed to arbitrate under the rules of AAA, and
> section 56(b) of those rules provides that in any application to a court, "The AAA
> is not a necessary party in judicial proceedings relating to the arbitration."  If the
> parties agreed that the AAA shall not even be a necessary party, then it surely cannot
> be a principal defendant [internal citation omitted].

Thus, AAA is not a necessary or proper party to this lawsuit, and therefore the Complaint

should be dismissed.

## C.    The Action is Barred by the Doctrine of Arbitral Immunity

The Complaint against AAA should be dismissed as it is barred by the doctrine of arbitral

immunity.  That doctrine, recognized by state and federal courts, applies to individual arbitrators

as well as to organizations that sponsor arbitrations, such as AAA, and immunizes both from

lawsuits for acts falling within the scope of the arbitral process.

"As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect

decision-makers from undue influence and protect the decision-making process from reprisals by

dissatisfied litigants . . . A sponsoring organization's immunity extends to the administrative

tasks it performs, insofar as these are integrally related to the arbitration." <u>New England</u>

<u>Cleaning Services, Inc, v. American Arbitration Association</u>, 199 F.3d 542, 545 (1st Cir. 1999);

<u>see</u> <u>also</u> <u>Honn v. National Ass'n of Sec. Dealers, Inc.</u>, 182 F.3d 1014, 1017 (8th Cir. 1999)

("'[a]rbitral immunity protects all acts within the scope of the arbitral process' . . . Arbitral

immunity extends to organizations . . . that sponsor arbitrations []" (citations omitted); <u>Hawkins</u>

<u>v. National Ass'n of Sec. Dealers Inc.</u>, 149 F.3d 330, 332 (5th Cir.1998) (judicial immunity

extended to arbitration forum for acts within the dispute resolution process); <u>Austern v. Chicago Board of Options Exch., Inc.</u>, 898 F.2d 882, 886 (2d Cir. 1990), <u>cert</u> <u>denied</u>, 498 U.S. 850, 141 S.Ct. 882 (1990) ("[w]e . . . agree that the nature and function performed by arbitrators necessitates protection analogous to that traditionally accorded judges . . . [the sponsoring organization is also] entitled to immunity for all functions that are integrally related to the arbitral process []"); <u>Corey v. New York Stock Exch.</u>, 691 F.2d 1205, 1211 (6th Cir. 1982) ("[b]ecause federal policy encourages arbitration and arbitrators are essential actors in furtherance of that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their jurisdiction . . . Extension of arbitral immunity to encompass boards which sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators would be illusory. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association []").[3]

The Hasans' claims against AAA, premised on their allegations that the appointment of two arbitrators is not in conformance with AAA's policies and rules, falls squarely within the scope of arbitral immunity. <u>See Olson v. National Ass'n of Sec. Dealers</u>, 85 F.3d 381, 383 (8th Cir. 1996) ("[t]he appointment of arbitrators is a necessary part of the arbitration administration [] and thus is protected by arbitral immunity. . . A sponsoring organization is immune from civil

---

[3]  The legal principle that AAA is a disinterested unnecessary party is inextricably tied to the doctrine of arbitral immunity.  Both principles derive from the implementation of the judicially recognized policy of protecting quasi-judicial organizations from undue influences and burdens which arise when the organizations are drawn into the parties underlying dispute.  <u>See</u> <u>International Med. Group</u>, 312 F.3d at 843 (finding that the doctrine of arbitral immunity derives from the need to protect arbitral decision-makers from being "caught up in the dispute and be saddled with the burdens of a defending lawsuit" where they have no interest.)

liability for improperly selecting an arbitration panel, even when the selection violates the organizations own rules []").

Arbitral immunity is broader than protection against money damages and protects AAA against the time, burden, cost, and expense of having to appear in and litigate cases seeking injunctions, vacation of awards or other non-monetary relief.  Tamari v. Conrad, *supra*, 552 F.2d 778 (7th Cir. 1977), is a case on point.  In Tamari, the plaintiff, who filed a lawsuit against arbitrators and the arbitration forum organization, "contended that the selection and composition of the arbitration panel violated the terms of the agreement to arbitrate as well as the rules of the [sponsoring organization] Chicago Board of Trade."  (Tamari, 552 F.2d at 780.)  The plaintiff did not seek money damages, but rather sought an injunction halting the arbitration and declaring that the appointment of the arbitration panel was illegal and any award would be void.  (*Id.*)  Nevertheless, the circuit court affirmed the district court's dismissal of the lawsuit based on grounds of arbitral immunity.  Tamari, 552 F.2d at 779-81.

Other courts have similarly found the doctrine of arbitral immunity applicable to actions seeking non-monetary relief against AAA.  See Southwire Co., NSA, Ltd., 248 Ga.App. at 229, 545 S.E.2d at 684 (court conferred no significance to AAA's default in responding to complaint seeking, *inter alia*, arbitrator disqualification, because AAA was immune from suit); Seligman v. Allstate Ins. Co, 195 Misc. 2d 553, 555-56, 756 N.Y.S.2d 403, 405-406 (Sup. Ct., Nassau Co. 2003) (while granting a petition to vacate an award on grounds of inadequate arbitration disclosure, the court nevertheless dismissed the action against AAA and the arbitrator holding, *inter alia*, that "[t]he courts [] recognize the principle of arbitral immunity in dismissing actions against arbitrators and arbitration panels []"); Everlast World's Boxing Headquarters Corp. v. Joan Hansen & Co. and American Arbitration Association, Index No. 103796/03, Slip. Op. filed

June 24, 2003 (Sup. Ct., N.Y. Co.) (in a case to enjoin arbitration, the court held that "[t]he doctrine of arbitral immunity is recognized in New York and extends to the arbitral body as well as individual arbitrators. . . . AAA is exempt from suit . . .") (copy attached.) [4]

In this case, the Complaint against AAA is premised entirely on its discharge of its responsibilities as the arbitral administrator of the Arbitration between the Hasans and Goldman Sachs, and, in particular, its authority to designate arbitrators. AAA should not be required to participate in this lawsuit, which concerns matters squarely within the arbitral process, to any extent whatsoever, and should not be required to incur the time, burden and expense attendant upon such participation.

---

[4] Courts have extended common law arbitral immunity to encompass the quasi-judicial role that AAA, other arbitral agencies, and arbitrators play in a broad range of factual settings, claims, and requested relief. See Jason v. American Arbitration Ass'n, 2002 WL 1059005 (E.D. La.), aff'd 62 Fed. Appx. 557, 2003 WL 1202934 (5th Cir. 2003) (breach of contract and negligence claims against AAA dismissed); Shrader v. National Ass'n of Sec. Dealers, 855 F. Supp. 122, 123-24 (E.D.N.C. 1994) (court held that North Carolina state law recognizes the doctrine of arbitral immunity and dismissed claim against sponsoring organization and arbitrators alleging that evidentiary rulings deprived plaintiff of a fair arbitration); Cort v. American Arbitration Association, 795 F.Supp. 970 (N.D. Cal. 1992) (suit against AAA for alleged spoliation of evidence, breach of contract and negligence in connection with its administration of an arbitration dismissed); Krecun v. Bakery, Cracker, Pie, Yeast Drivers and Miscellaneous Workers Union, 586 F. Supp 545, 550 (N.D. Ill. 1984) (court dismissed claim challenging arbitration's authority to render decision); John Street Leasehold, LLC. v. Brunjes, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996) (claim alleging fraudulent conduct and conflict of interest on part of the arbitrator dismissed); Wally v. Gen. Arbitration Council of the Textile & Apparel Indus., 165 Misc. 2d 896, 630 N.Y.S.2d 627 (Sup. Ct., N.Y. Co. 1995) (plaintiff's claim that arbitrator's alleged fraudulent conduct and breach of contract were outside of the scope of his arbitral duties rejected, and case dismissed on grounds of arbitral immunity); Rubenstein v. Otterbourg, 78 Misc.2d 376, 357 N.Y.S.2d 62 (Civ. Ct., NY Co. 1973) (suit against arbitrator for failure to disclose relationship with one of the parties' attorneys dismissed); Boraks v. American Arbitration Association, 205 Mich. App. 149, 517 N.W.2d 771 (Mich. Ct. App. 1994) (claim against AAA for alleged overstatement of its effectiveness of its services and failure to provide competent arbitrators dismissed); Thiele v. RHL Realty Partners, 14 Cal. App.4th 1526, 18 Cal. Rptr. 2d 416 (Cal. Ct. App. 2d Dist. 1993) (court dismissed suit against AAA for alleged negligence in releasing an award contrary to the parties' instructions).

Additionally, AAA Rules, which the parties agreed are part of their Arbitration agreement, codify the principle of arbitral immunity. Specifically, AAA Rule, R-48(d) provides: "Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or <u>injunctive relief</u> for any act or omission in connection with any arbitration conducted under these rules." (Emphasis added.) The Hasans have thus agreed as a condition of AAA's willingness to administer and determine the Arbitration that they will not bring any claim for relief against AAA.

In this case, the Hasans seek to hold AAA liable under what appears to be an implied contract theory and request certain equitable relief, including specific performance of AAA's "representations, assurances, promises and commitments" and mandatory and prohibitory injunctive relief to purportedly enforce performance. The claim is barred by the Hasans' own binding agreement with Goldman Sachs as reflected in AAA Rules.

Strong policy reasons also support dismissal of the Complaint. If AAA were to be named a party to every arbitration related court proceeding where a party contests a AAA determination, thus requiring AAA to respond and appear, the cost of administering arbitration would rise dramatically. In turn, the higher costs would result in higher forum fees being borne by all parties seeking arbitration as an alternative to litigating in court, which would be antithetical to the widely recognized public policy of encouraging arbitration. See <u>New England Cleaning Services, Inc. v. American Arbitration Association</u>,199 F.3d at 545 ("[n]ot least, failure to extend immunity to the AAA in these circumstances could discourage it from sponsoring future arbitrations []"); <u>Candor</u>, 97 Misc.2d at 269, 411 N.Y.S.2d at 164 (when dismissing claim against AAA, the court observed that "[n]aming AAA as a party even without appearance and answer []

14

necessitates some legal costs to it which are ultimately borne by the parties to the arbitral process").

## CONCLUSION

AAA's motion should be granted and the Complaint dismissed.

Dated: New York, New York
      April 30, 2008

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By:  Theodore L. Hecht, Esq. (TH-5497)



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:   PART 50S
-------------------------------------------------------------X

In the Matter of the Application of                     :
EVERLAST WORLD'S BOXING
HEADQUARTERS CORP.,                                     :

                       Petitioner,            :   DECISION AND
                                        ORDER

                                       :
                                       Index Number
For a Judgment Staying the Arbitration              :   103796/03
Commenced by JOAN HANSEN & COMPANY,
INC. and AMERICAN ARBITRATION                       :
ASSOCIATION,

                                       :
                     Respondent.           :
-------------------------------------------------------------X

**FILED**

JUN 24 2003

NEW YORK
COUNTY CLERK'S OFFICE

Hon. Lewis Bart Stone, J

      This proceeding, commenced by Order to Show Cause issued by this Court on

March 5, 2003, by Petitioner, Everlast World's Boxing Headquarters ("Everlast")

under Article 75 of the Civil Practice Law and Rules ("CPLR"), to stay an arbitration

proceeding by the American Arbitration Association,("AAA") commenced against

Everlast by respondent Joan Hansen & Company Inc. ("Hansen"). On April 4, 2003,

the AAA which was also named as a respondent in the petition, cross moved to

dismiss the petition as to AAA on the grounds that (1) the petitioner fails to state a

claim upon which relief could be granted as against AAA, (2) AAA is an unnecessary

party, and (3) is immune from being named a party to this proceeding.

On February 11, 2003 Hansen commenced the arbitration to resolve certain disputes Hansen claims arose out of its relationship with Everlast, basing its right to arbitrate on an arbitration clause (the "Clause") contained in the Representation Agreement (the "Agreement") between Everlast and Hansen dated January 1, 1994.

AAA asserts (without contradiction by Everlast or Hansen) that it is a neutral party and has no interest in the outcome of the proceedings. This Court concurs, and accordingly, AAA is at least entitled to be dismissed as a respondent in this proceeding on the grounds that it is not a party in interest. However, AAA prays for this Court to dismiss it on the grounds that it is immune from suit.

The doctrine of arbitral immunity is recognized in New York and extends to the arbitral body as well as individual arbitrators. "The doctrine of arbitral immunity protects arbitrators, and their organizations from civil liability for all acts performed in their arbitral capacity. Eliminating or reducing this immunity would discourage Arbitration." Wally v. General Arbitration Council of the Textile and Apparel Industries, 165 Misc.2d 896, 630 NYS2d 627 (Sup. Ct., NY County 1995, Silverman, J). (The General Arbitration Council of the Textile and Apparel Industries is a division of the AAA). Accordingly, AAA is exempt from suit under CPLR Article 75; as a result AAA's cross motion to dismiss this proceeding against it is granted.

Hansen acted under the Agreement and prior similar Agreements as a non-exclusive licensing consultant to Everlast. Under the Agreement, Hansen was to promote the licensing of Everlast's trademarks, and was to compensated with a percentage of the royalties received from those licensees Hansen had procured. The Clause, set forth in Article VIII of the Agreement, provided for the resolution of all disputes arising out of or relating to the Agreement by Arbitration in New York, through the AAA. The Agreement expired on December 31, 1999, but was subject to an automatic renewal to December 31, 2004, unless earlier terminated for one of three reasons. The contract was apparently renewed at the end of 1999, and was therefore extended to December 31, 2004.

Among Everlast's major licensees that Hansen had secured was Active Apparel Group, Inc. ("Active"). In 2000, Everlast's parent, Everlast Holding Corp., was sold by its shareholder for $10,000.000 to Active. Following this acquisition Active and Everlast apparently agreed that no further inter company royalties were to be payable and accordingly, the payments to Hansen which were calculated on the basis of these royalties ceased. Hansen both sought arbitration against Everlast and sued Active, Active's parent and Active's principles, claiming damages under several theories. Such arbitration was commenced before the AAA pursuant to the Clause on December 20, 2000. Shortly after, Everlast commenced a proceeding under CPLR

3

Article 75 against Hansen to stay such arbitration. Recognizing the costs, confusion and complexity of simultaneously litigating and arbitrating, all parties to that dispute agreed by stipulation (the "Stipulation") to withdraw such Article 75 proceeding, withdraw the notice of arbitration and litigate all matters in a single action. This action was eventually resolved by the courts. See Hansen v. Everlast World's Boxing Headquarters Corp., 2002 WL 138, 307 (1st Dept. 2002). Under the decision, Hansen was found to have no rights under the Agreement for compensation by reason of the use of Everlast's trademarks by Active, following the acquisition, because no royalties were paid. Section 8 of the Stipulation also provided, "Except as provided in paragraph 7 hereof, the...[Agreement] shall continue in full force and effect."

Apparently, this litigation did not endear Hansen to Active and Everlast, which thereafter on January 9, 2003 advised Hansen it had terminated the Agreement. Everlast allegedly also refused to pay Hansen its share of royalties received from two other licensees of Everlast's trademarks which had therefore been secured by Hansen's efforts.

Hansen thereupon commenced this arbitration proceeding under CPLR Article 75 against Everlast on February 11, 2003, claiming the wrongful termination of the Agreement and the improper withholding of its share of royalties owed thereunder from the two other licensees.

4

Everlast responded with this proceeding to stay the arbitration, asserting that the earlier litigation was res judicata, as well as claiming a waiver by Hansen of its rights to arbitrate and to certain of the payments claimed.

Arbitration to resolve disputes is favored in New York. Weinrott v. Carp, 32 NY2d 190 at 199, 344 NYS2d 848, 856 (1973). The touchstone is, of course, whether the parties have agreed to arbitrate, as one who has not may not, absent some statute compelling arbitration, be forced to arbitrate. It is clear that the Agreement contained the Clause, and that the Agreement was once in full force and effect. Accordingly, all disputes under the Agreement, absent subsequent Agreement of the parties to the contrary expressly agreeing that arbitration was no longer agreed to[1], are subject to arbitration. Issues of whether there was such an agreement, or waiver, or the scope of arbitration, or whether any prior decision or agreement modified the terms of the Agreement are clearly within the "all disputes" scope of the Agreement to arbitrate and therefore may be decided by the arbitrator. If the court were to have to decide the very issues that the arbitrator was to decide, the whole purpose of arbitration would be lost. Although there are some limitations on arbitration, such as whether public policy limits the scope of issues to be arbitrated, once the parties have

---

[1] The stipulation, providing that the Agreement continued in full force and effect, did not affect the enforceability of the Clause.

5

agreed to arbitrate, the courts should enforce their voluntary agreement.

Petitioner's petition is denied.  This is the Order and Decision of the Court.

DATED:    JUNE 16, 2003
              NEW YORK, NEW YORK

Hon. Lewis Bart Stone
Justice of the Supreme Court

**FILED**

JUN 2 4 2003

NEW YORK
COUNTY CLERK'S OFFICE

6