Theodore L. Hecht (TH-5497)
Schnader Harrison Segal & Lewis LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Phone No.: (212) 973-8000
Fax No.:    (212) 972-8798
E-mail: thecht@schnader.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MALIK M. HASAN and SEEME G. HASAN,

                Plaintiffs,

   - against -

AMERICAN ARBITRATION ASSOCIATION, INC.,

                Defendant.
------------------------------------------------------------X

ECF CASE

08-CV-03189 (GBD)

**DEFENDANT AMERICAN ARBITRATION ASSOCIATION'S
MEMORANDUM OF LAW IN RESPONSE TO
<u>PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii-iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT

      AN INJUNCTION CANNOT ISSUE AGAINST AAA ................................................. 2

CONCLUSION .......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

**CASES**

Alter v. Englander,
   901 F.Supp.151 (S.D.N.Y. 1995) ..................................................................................3

Aviall, Inc. v. Ryder System, Inc.,
   110 F.3d 892 (2d Cir. 1997)..........................................................................................3

Corey v. New York Stock Exch.,
   691 F.2d 1205 (6th Cir. 1982) ......................................................................................5

Florasynth, Inc. v. Pickholtz,
   750 F.2d 171 (2d Cir. 1984)..........................................................................................3

GST Telecommunications, Inc. v. Irwin,
   192 F.R.D. 109 (S.D.N.Y. 2000) ..................................................................................4

Highland Capital Management, L.P. v. Schneider,
   379 F.Supp.2d 461 (S.D.N.Y. 2005)............................................................................4

Marc Rich & Co. v. Transmarine Seaways Corp. of Monrovia,
   443 F.Supp. 386 (S.D.N.Y. 1978) ................................................................................3

Michaels v. Maniforum Shipping, S.A.,
   624 F.2d 411 (2d Cir. 1980)..........................................................................................3

New England Cleaning Services, Inc. v. American Arbitration Association,
   199 F.3d 542 (1st Cir. 1999)........................................................................................5

Rezulin Products Liability Litigation,
   309 F.Supp.2d 531 (S.D.N.Y. 2004)............................................................................4

United States v. Scop,
   846 F.2d 135 (2d Cir. 1988), rev'd in part on reh'g on other grounds,
   856 F.2d 5 (2d Cir. 1988)..............................................................................................4

## TABLE OF AUTHORITIES (cont'd)

**Page**

**FEDERAL STATUTES**

Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq* ...................................................................1

Federal Rules of Evidence, Rule 702 ...............................................................................4

Federal Rules of Evidence, Rule 704 ...............................................................................4

**OTHER AUTHORITIES**

American Arbitration Association Commercial Rules, R-17(b) ......................................2

**PRELIMINARY STATEMENT**

Defendant American Arbitration Association ("AAA") submits this memorandum in response to the motion of plaintiffs Malik M. Hasan and Seeme G. Hasan (the "Hasans") for a preliminary injunction against AAA. The Hasans' request for a preliminary injunction is based upon their disagreement with AAA's decisions concerning the appointment of arbitrators in their pending arbitration claim against non-party Goldman Sachs 1998 Exchange Place Funds, LLP and other Goldman Sachs entities ("Goldman Sachs"). For the grounds stated in AAA's concurrent motion to dismiss the Complaint, the Court should not hear the Hasans' motion for a preliminary injunction because (i) AAA is not a proper or necessary party to this lawsuit concerning the Hasans' dispute with Goldman Sachs; and (ii) AAA is protected by the doctrine of arbitral immunity.

As further discussed in AAA's motion to dismiss, when the Hasans agreed to have their arbitration heard under AAA Rules, the Hasans further agreed that they would not join AAA as a party to any judicial proceeding concerning their arbitration; and that AAA's determinations with respect to arbitrator disqualification will be conclusive during the arbitration and prior to final award. AAA Rules are consistent with the provisions of the Federal Arbitration Act ("FAA"), and controlling case law, which allow for judicial challenges of arbitral determinations on issues of disqualification only after the arbitral award.

## STATEMENT OF FACTS

AAA's memorandum of law in support of its motion to dismiss dated April 30, 2008 ("AAA's Dismissal Memorandum") fully sets forth the pertinent facts premised upon the allegations in the Complaint (which are assumed for purposes of the motion to dismiss to be true.) The Court is respectfully referred thereto.

## ARGUMENT

## AN INJUNCTION CANNOT ISSUE AGAINST AAA

The Hasans' motion for a preliminary injunction directed against AAA is condemned by the well-settled law set forth in AAA's motion to dismiss and should not be heard by the Court. The arguments set forth in AAA's Dismissal Memorandum are incorporated herein.

As also noted in AAA's motion to dismiss, AAA Rules, R-17(b) ("Disqualification of Arbitrator") provides "[u]pon objection of a party to the continued service of a neutral arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be <u>conclusive</u>." (Emphasis added.) See AAA's Dismissal Memorandum at 4. AAA's Disqualification of Arbitrator Rule is consistent with the FAA, which does not provide for a judicial challenge to the appointment of an arbitrator during the pendency of an arbitration, but allows for such challenges after award. "[I]t is well established that a district court cannot entertain an attack upon the qualifications of an arbitrator or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award."

2

Michaels v. Maniforum Shipping, S.A., 624 F.2d 411, 414, n.4 (2d Cir. 1980). See also Aviall, Inc. v. Ryder System, Inc., 110 F.3d 892, 897 (2d Cir. 1997) ("[t]he FAA's lack of a provision for pre-award removal of an arbitrator [] prevents us from removing [the arbitrator] on account of whatever assistance [the arbitrator] it may have lent" to one of the parties; the evidence of the alleged disqualifying conduct was "immaterial" when considering dismissal of the pre-award lawsuit); Florasynth, Inc. v. Pickholtz, 750 F.2d 171, 174 (2d Cir. 1984) ("[t]he Arbitration Act does not provide for judicial scrutiny of an arbitrator's qualifications to serve, other than in a proceeding to confirm or vacate an award, which necessarily occurs after the arbitrator has rendered his service[]"); Alter v. Englander, 901 F.Supp.151, 153 (S.D.N.Y. 1995) (the plaintiff's argument "can be disposed of rather quickly. Challenges based on alleged partiality of arbitrators cannot be made before award issues").

Any other rule than (i) AAA's determination as to arbitrator appointment is conclusive during the pendency of the arbitration, (ii) lawsuits against AAA arising out of its arbitrator appointment decisions are barred, and (ii) requiring challenges to partiality to be made after award in a proceeding between the parties to the arbitration only, would cause endless delay and unreasonable costs and burdens to AAA. See Marc Rich & Co. v. Transmarine Seaways Corp. of Monrovia, 443 F.Supp. 386, 387 (S.D.N.Y. 1978) ("[a]ny other rule might spawn endless application and indefinite delay. For example, should we . . . find [the arbitrator] disqualified, there could be no assurance that [the party seeking disqualification] would be satisfied with his successor and would not bring another proceeding to disqualify him or her").

Finally, the purported "expert report" submitted by the Hasans should carry no weight in determining AAA's motion to dismiss and its request that a preliminary injunction not issue. The expert "opines" not on matters where the Court needs his assistance with respect to scientific, technical, or specialized knowledge as required by Rules 702 of the Federal Rules of Evidence. Rather, he merely expresses his *ipsi dixit* legal conclusions as to how he would have determined the Hasans' request to disqualify certain arbitrators in their arbitration with Goldman Sachs. This type of conclusory "expert" opinion has no probative or legal value. See United States v. Scop, 846 F.2d 135, 139 (2d Cir. 1988), rev'd in part on reh'g on other grounds, 856 F.2d 5 (2d Cir. 1988) (Federal Rules of Evidence "Rule 704 was not intended to allow experts to offer opinions embodying legal conclusions"); Highland Capital Management, L.P. v. Schneider, 379 F.Supp.2d 461 (S.D.N.Y. 2005) (expert opinion explaining securities laws, applying their principles to the facts, and concluding that defendants violated securities and criminal laws held inadmissible); Rezulin Products Liability Litigation, 309 F.Supp.2d 531 (S.D.N.Y. 2004) (expert opinions as to the ethical character of the defendants' action not admissible); GST Telecommunications, Inc. v. Irwin, 192 F.R.D. 109 (S.D.N.Y. 2000) (holding that "experts" could not be called to testify to express their legal conclusions on ethics and acceptable business practices).

Indeed the submission of an "expert" report launching a broad attack on AAA and its case managers - and the expert's effort to draw AAA into the dispute between the Hasans and Goldman Sachs - illustrates why courts have imposed the doctrine of arbitral immunity, found that AAA is not a proper or necessary party and why the FAA requires

that judicial applications concerning arbitrator disqualification be made only after Award. "As with judicial and quasi-judicial immunity arbitral immunity is essential to protect decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." New England Cleaning Services, Inc. v. American Arbitration Association, 199 F.3d 542, 545 (1st Cir. 1999). "An aggrieved party alleging a due process violation in the conduct of proceedings, fraud, misconduct, a violation of public policy, lack of jurisdiction, etc., should pursue the 'real' adversary through the appeal process. To allow collateral attack against arbitrators and their judgments would emasculate the appeal provisions of the federal Arbitration Act. Corey v. New York Stock Exc., 691 F.2d 1205, 1211 (6th Cir. 1982).

## CONCLUSION

American Arbitration Association's motion to dismiss should be granted, rendering the Hasans' motion for a preliminary injunction moot.

Dated: New York, New York
      May 15, 2008

                        Respectfully submitted,

                        SCHNADER HARRISON SEGAL & LEWIS LLP

                        By: Theodore L. Hecht, Esq. (TH-5497)

5